IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH T. BOSLEY,** : CIVIL NO. 1:07-CV-1380 |
| : |
| **Plaintiff** : (Judge Conner) |
| v. : |
| : |
| **HOWARD H. BOSLEY,** : |
| : |
| **Defendant** : |

## ORDER

AND NOW, this 31st day of October, 2007, upon consideration of plaintiff's motion for preliminary and permanent injunction (Doc. 2), and of plaintiff's motion for substitution of parties (Doc. 6), averring that defendant Howard H. Bosley ("Howard") died on October 3, 2007 and seeking to substitute David R. Bosley, Sr. ("David") and Pamela A. Bosley ("Pamela") as defendants in the above-captioned action, and it appearing that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties," see FED. R. CIV. P. 25(a)(1); Boggs v. Dravo Corp., 532 F.2d 897, 900-01 (3d Cir. 1976), and that "proper parties" includes the deceased party's legal representative or "a distributee of an unprobated distributed estate," see Indyk v. Experian Info. Solutions, Inc., No. 04-3755, 2006 WL 1582093, at *1 (D.N.J. June 2, 2006), and the court finding that plaintiff's motion for substitution does not clearly allege that David and Pamela are Howard's legal representatives or the distributees of Howard's estate, it is hereby ORDERED that:

1. Plaintiff's motion for substitution (Doc. 6) is DENIED without prejudice to plaintiff's right to file a revised motion for substitution describing in detail the legal relationship between Howard and the parties to be substituted.[1]

2. The briefing schedule on plaintiff's motion for preliminary and permanent injunction (Doc. 2) is STAYED pending identification of the appropriate defendant or defendants in the above-captioned action.

      S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[1] Plaintiff's motion also appears to allege that David and Pamela should be held personally responsible as "cohorts" with Howard (see Doc. 6 ¶ 5). Should plaintiff seek to hold David and Pamela accountable because of their personal involvement in the harms alleged in the complaint, plaintiff would be required to file an amended complaint that premised plaintiff's claims upon the acts allegedly committed by David and Pamela.