IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KENNETH T. BOSLEY,** : | CIVIL ACTION NO. 1:07-CV-1380 |
|  : | |
| **Plaintiff** : | (Judge Conner) |
| v. : | |
|  : | |
| **DAVID R. BOSLEY, SR.,** as Executor : | |
| of the Estate of Howard H. Bosley and : | |
| in his individual capacity, and : | |
| **PAMELA A. BOSLEY,** : | |
|  : | |
| **Defendants** : | |

## MEMORANDUM

Presently before the court are: (1) the motion to dismiss (Doc. 17), filed by defendants David R. Bosley, Sr. and Pamela A. Bosley, and (2) the motion for preliminary and permanent injunction (Doc. 2), filed by *pro se* plaintiff Kenneth T. Bosley. For the reasons that follow, the court will grant the motion to dismiss and will deny the motion for preliminary and permanent injunction as moot.

I.  **Factual Background**[1]

The dispute in this case centers around defendants' management of the assets of plaintiff's elderly brother, Donald Bosley ("Donald"). Plaintiff alleges that he is Donald's "next-of-kin" and that he served as Donald's "daily helper, adviser

---

[1] In accordance with the standard of review for a motion to dismiss, the court will present the facts as alleged in the complaint and in the public records provided by defendants. See infra Part II. The statements contained herein reflect neither the findings of the trier of fact nor the opinion of the court as to the reasonableness of the parties' allegations.

and financial manager" for many decades, during which time "Donald's assets increased substantially." (Doc. 11 ¶¶ 5, 8.)

At some point, plaintiff's relationship with Donald "was secretly, abruptly and without warning interfered with when Donald was taken out of a Baltimore County, Maryland hospital" by former defendant Howard H. Bosley ("Howard") and defendant David R. Bosley, Sr. ("David").[2] (Id. ¶ 9.) Howard and David moved Donald into the Pennsylvania home they shared with David's wife, defendant Pamela A. Bosley ("Pamela"). (Id. ¶ 10.) Plaintiff alleges that defendants have "progressively and secretly taken control of Donald's sizeable financial assets" and have "concealed Donald's financial papers, including his tax returns and supporting documents for the past several years." (Id. ¶¶ 11-12.) Plaintiff further alleges that defendants have defrauded Donald by commingling his assets with their own and by "siphoning off" his assets for their own use. (Id. ¶¶ 18-19.) Both Donald and plaintiff have attempted to obtain the concealed financial records without success. (Id. ¶¶ 13, 17.)

On July 25, 2007, plaintiff filed the instant action in the United States District Court for the District of Maryland. (Doc. 1-2.) By memorandum dated July 26, 2007, the District of Maryland held that it did not possess personal jurisdiction over former-defendant Howard, who resided in the Middle District of Pennsylvania. Accordingly, the case was transferred to this court pursuant to 28 U.S.C. § 1406(a).

---

[2] Howard, who is now deceased, was a "distant second cousin" to Donald. David is Howard's son. (Doc. 11 ¶ 6.)

(Doc. 1-3.)  On September 4, 2007, plaintiff filed a motion for preliminary and permanent injunction (Doc. 2).  Before the motion had been fully briefed, Howard passed away, and plaintiff sought to substitute David, the executor of Howard's estate, as a party to the action.  The court granted this request for substitution by order dated December 28, 2007.  (Doc. 10.)  Plaintiff also filed an amended complaint that added claims against David and Pamela in their individual capacities.  (Doc. 11.)  The amended complaint seeks an accounting of Donald's assets and to enjoin defendants from diverting Donald's assets for their own use.  (Id. at 4.)  Once the newly-added parties had been properly served, the court directed them to file a brief in opposition to the motion for preliminary and permanent injunction.  (See Doc. 19.)  Defendants complied.  (See Doc. 22.)  On March 11, 2008, defendants filed a motion to dismiss (Doc. 17), arguing that this court lacks subject matter jurisdiction to adjudicate plaintiff's claims.  Both motions have been fully briefed and are ripe for disposition.

## II.    Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the power of a federal court to hear a claim or case.  Gould Elecs. Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).  In the face of a 12(b)(1) motion, the plaintiff "will have the burden of proof that jurisdiction does in fact exist."  Petruska v. Gannon Univ., 462 F.3d 294, 302 (3d Cir. 2006), cert denied, ___ U.S. ___, 127 S. Ct. 2098 (2007).  Motions under 12(b)(1) may take one of two forms.  A "facial" attack assumes the veracity of the allegations in the complaint but argues that the pleadings fail to present an action

3

within the court's jurisdiction.  Tolan v. United States, 176 F.R.D. 507, 509 (E.D. Pa. 1998).  The court should grant such a motion only if it appears with certainty that assertion of jurisdiction would be improper.  Id.; Carpet Group Int'l v. Oriental Rug Imps. Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000).  If the complaint is merely deficient as pleaded, the court should grant leave to amend before dismissal with prejudice.  See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).  In contrast, a "factual" attack argues that, although the pleadings facially satisfy jurisdictional prerequisites, one or more of the allegations is untrue, rendering the controversy outside of the court's jurisdiction.  Tolan, 176 F.R.D. at 510; see also Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  In such circumstances, the court is both authorized and required to evaluate the merits of the disputed allegations because "the trial court's . . . very power to hear the case" is at issue.  Id.; Carpet Group, 227 F.3d at 69.  Because the instant 12(b)(1) motion presents a facial attack on this court's subject matter jurisdiction, the former standard will be used.

### III.   Discussion[3]

Defendants argue that this court is without subject matter jurisdiction to entertain plaintiff's claims because:  (1) plaintiff lacks standing, and (2) the probate

---

[3] Jurisdiction over plaintiff's claims is based on diversity of citizenship, see 28 U.S.C. § 1332, and none of the parties dispute the applicability of Pennsylvania law, see Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79-80 (1938); see also Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 613 (3d Cir. 1992) (noting that federal courts sitting in diversity must apply the substantive law of the state of the forum state).

exception strips this court of subject-matter jurisdiction. The court will address these issues *seriatim*.

**A.     Standing**

Article III of the Constitution restricts the jurisdiction of the federal courts to the resolution of cases and controversies. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006); see also U.S. CONST. art. III § 2; Danvers Motor Co., Inc. v. Ford Motor Co., 432 F.3d 286, 291 (3d Cir. 2005) ("By ensuring that litigants present actual cases and controversies, [Article III] keeps the judicial branch from encroaching on legislative prerogatives, thereby preserving the separation of powers."). Standing is a component of the case or controversy requirement. Taliaferro, 458 F.3d at 188. Absent standing, "a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." Id.

To establish standing, a plaintiff must demonstrate: "(1) an injury-in-fact, (2) a causal connection between the injury and the defendant's conduct, and (3) that it is likely, rather than speculative, that a favorable judicial determination will redress the injury." Chiyoda Gravure, Co., Ltd. v. Chiyoda Am., Inc., No. 06-204, 2006 WL 2524231, at *2 (M.D. Pa. Aug. 29, 2006); see also Taliaferro, 458 F.3d at 188; Khodara Env't, Inc. v. Blakely, 376 F.3d 187, 193 (3d Cir. 2004). An injury-in-fact is a harm that is both "concrete and particularized" and "actual or imminent." Danvers, 432 F.3d at 291. The injury-in-fact requirement is quite minimal, necessitating only that a plaintiff plead that he or she suffered a modicum of harm. Id. at 292; see also Bowman v. Wilson, 672 F.2d 1145, 1151 (3d Cir. 1982) ("The

contours of the injury-in-fact requirement . . . are very generous, requiring only that the plaintiff allege some specific, identifiable trifle of injury."). However, the plaintiff must assert that "his own legal rights and interests" were harmed "and cannot rest his claim to relief on the legal rights or interests of third parties." Sec'y of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955 (1984); see also Friends & Residents of St. Thomas Twp., Inc. v. St. Thomas. Devel., Inc., 176 F. App'x 219, 224 n.13 (3d Cir. 2006); Pa. Family Inst. v. Black, No. 05-2172, 2005 WL 2931825, at *4 (M.D. Pa. Nov. 4, 2005).

In the instant case, plaintiff has failed to assert that his own legal rights and interests were injured by defendants' actions. To the contrary, plaintiff attempts to rest his claim to relief on Donald's legal rights. Specifically, plaintiff alleges that defendants have defrauded Donald by commingling his assets with their own and by siphoning off his assets for their own use. The party injured by these actions is Donald, and either he or his legal guardian must assert these claims to satisfy the standing requirement. See FED. R. CIV. P. 17(a) (stating that an action "must be prosecuted in the name of the real party in interest, unless the action is brought by, *inter alia*, "a guardian"). Because plaintiff is not Donald's legal guardian,[4] he lacks standing to assert the above-captioned action, and the court will grant defendants' motion to dismiss.

---

[4] The court notes with interest that the Orphans' Court Division of the York County Court of Common Pleas recently appointed a disinterested third-party to serve as Donald's legal guardian. (See Doc. 25, Ex. A at 3-4.)

B.   **Probate Exception to Diversity Jurisdiction**

Assuming *arguendo* satisfaction of the standing requirement, the court would remain unable to adjudicate plaintiff's claims because they fall within the probate exception to diversity jurisdiction.  The probate exception strips the federal courts of jurisdiction "to probate wills or administer estates." Marshall v. Lauriault, 372 F.3d 175, 181 (3d Cir. 2004) (citing Markham v. Allen, 326 U.S. 490, 494 (1946) (stating that the equity jurisdiction conferred to the federal courts by the Judiciary Act of 1789 did not extend to probate matters).  However, the probate exception does not affect the federal courts' jurisdiction "to entertain suits raised by creditors, heirs and other claimants against an estate as long as the federal court 'does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.'" Marshall, 372 F.3d at 181 (quoting Markham, 326 U.S. at 494).

While "the precise scope of the probate exception has not been clearly established," numerous courts have held that "the jurisdictional question can be decided by determining whether the action could be brought in a state court of general jurisdiction where the federal courts sits." Marshall, 372 F.3d at 181.  If the action could have been asserted in a state court of general jurisdiction, the probate exception does not apply, and the action may also be brought in federal court.  The instant action involves the administration of the estate of an incapacitated person.  In Pennsylvania, the Orphans' Court possesses exclusive original jurisdiction over all matters regarding the "administration and distribution of the real and personal

property of the estates of incapacitated persons." 20 PA. CONS. STAT. ANN. § 711(10). Accordingly, this action could not have been brought in a Pennsylvania court of general jurisdiction, which militates against the exercise of jurisdiction in this court.

Other courts that have examined the scope of the probate exception have "attempt[ed] to distinguish between direct interference with or control of the [estate] res and the adjudication of the rights of individuals who have an interest in it." Martz v. Braun, 266 F. Supp. 134, 138 (E.D. Pa. 1997). Using this approach, courts have held that an action requesting an accounting generally falls within the ambit of "direct interference with the assets of an estate." See Martz, 266 F. Supp. at 136 (citing Waterman v. Canal-La. Bank, 215 U.S. 33, 45 (1909) (holding that asking for an accounting of an estate went beyond the equity power of the federal courts) and Princess Lida v. Thompson, 305 U.S. 456, 466-67 (1939) (same)). Courts have also held that "claims that challenge management of [an] estate" directly interfere with estate assets. Golden v. Golden, 382 F.3d 348, 358 (3d Cir. 2004). Accordingly, these two categories of claims fall within the probate exception and cannot be maintained in federal court.

In the instant case, plaintiff is seeking an accounting of Donald's assets and is challenging defendants' management thereof. These claims are clearly ancillary to a probate matter, namely, the guardianship proceeding instituted in the Pennsylvania Orphans' Court. In order to grant plaintiff's requested remedy, this court would be required to assume a degree of control over Donald's assets and to

interfere with the Orphans' Court's determination that Donald's interests are adequately protected by the appointment of a disinterested third-party as his guardian.[5] The probate exception was designed to prevent just such a result and to ensure that all probate matters are managed by a single, specialized court. Accordingly, the court finds that the probate exception also prevents it from exercising subject-matter jurisdiction over plaintiff's claims.

## IV.     Conclusion

For the foregoing reasons, the motion to dismiss (Doc. 17) will be granted, and leave to amend will be denied as futile. The motion for preliminary and permanent injunction (Doc. 2) will be denied as moot. An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:     May 12, 2008

---

[5] The court notes that if plaintiff believes that Donald's guardian is not fulfilling his duties, plaintiff may bring those deficiencies to the attention of the Pennsylvania Orphans' Court.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH T. BOSLEY,** | : | **CIVIL ACTION NO. 1:07-CV-1380** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **DAVID R. BOSLEY, SR.,** as Executor of the Estate of Howard H. Bosley and in his individual capacity, and **PAMELA A. BOSLEY,** | : | |
| Defendants | : | |

## <u>ORDER</u>

AND NOW, this 12th day of May, 2008, upon consideration of plaintiff's motion for preliminary and permanent injunction (Doc. 2), and of defendants' motion to dismiss (Doc. 17), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 17) is GRANTED.

2. Leave to amend is DENIED as futile. See <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002).

3. The motion for preliminary and permanent injunction (Doc. 2) is DENIED as moot.

4. The Clerk of Court is directed to CLOSE this case.

                                    <u>S/ Christopher C. Conner</u>
                                    CHRISTOPHER C. CONNER
                                    United States District Judge